UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
RALPH LEO BRUTSCHE,
    Debtor.                                          No. 11-11-13326 SA

PERFECTO RODRIGUEZ,
et al.
v                                                                Adv. No. 11-1178 S

RALPH LEO BRUTSCHE and
SUMMIT PROPERTIES, INC.,
    Defendants.

**MEMORANDUM OPINION IN SUPPORT OF ORDER GRANTING MOTION
TO REMAND, ABSTAIN AND FOR STAY RELIEF (doc 19)**

Plaintiffs' Motion to Remand, Abstain and for Relief from Automatic Stay (doc 19) ("Motion") came before the Court for the final hearing on January 24, 2012. The Motion seeks, inter alia, to have this Court send back to the First Judicial District Court, County of Santa Fe, State of New Mexico ("State Court") that certain action pending in the State Court styled and numbered <u>Rodriguez et al. v. Brutsche et al.</u>, D101-CV-2009-03580 ("State Court Action"). Having considered the evidence and the arguments of the parties, the Court rules that it should abstain from hearing the merits of this controversy and thus will order that the State Court Action be remanded[1] to the State Court and

---

[1] The Motion also requested stay relief, something ordinarily to be sought in the underlying case. Nevertheless, for the reasons set forth herein, the Court will grant that relief also.

the parties be permitted to continue the litigation in that court.[2]

**Background**

The State Court Action was filed on November 4, 2009. It concerns a sewer line improperly located on a portion of the Plaintiffs' land in 1994 and a settlement agreement reached between the parties to resolve that problem in 1995. The State Court Action was still pending when on July 22, 2011 Ralph Leo Brutsche filed his chapter 11 petition initiating his chapter 11 case. The State Court Action was timely removed by Brutsche to this Court on October 20, 2011. Doc 1. Plaintiffs moved to have the Court abstain and to remand the State Court Action to the State Court, and to permit the action to continue there. Doc 19. On June 8, 2012, the Court converted the chapter 11 case to one under chapter 7 (doc 265), and Ms. Yvette Gonzales was appointed the case trustee. Since then Trustee has filed nothing in the adversary or the main case to suggest that she takes any different position on the issues of abstention, remand or modifying the stay to allow the State Court Action to continue in the State Court.

**Analysis**

---

[2] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§1334 and 157(b); this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A); and these are findings of fact and conclusions of law as may be required by Rule 7052 F.R.B.P.

Debtor argues for both permissive abstention under 28 U.S.C. §1334(c)(1) and mandatory abstention under 28 U.S.C. §1334(c)(2). That latter section provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The adversary proceeding initiating this removal action was timely filed, F.R.B.P. 9027(a)(2), and following an initial pretrial conference held on November 9, 2011 (minutes – doc 17; the order arising out of the status conference was entered January 3, 2012 – doc 22), Plaintiffs filed the Motion. Debtor responded (doc 20) and Plaintiffs replied (doc 21). At the time of the removal, Plaintiffs' remaining cause of action was for trespass against Debtor (now, against the estate) and summit Properties, Inc., and the Debtor (now the estate) still retained his counterclaim for specific performance on the 1995 agreement. Doc 19, at 12. These are both eminently state law causes of action that at best are related matters and not core; indeed, Debtor conceded that the State Court Action was related to the bankruptcy case but not core. Doc 20, at ¶2. While the causes of action are related to the chapter 7 case, in that the resolution of the dispute will determine claims against the

Case 11-01178-j    Doc 33    Filed 10/15/12    Entered 10/15/12 16:25:41 Page 3 of 14

estate and might provide substantial funds to (or generate additional obligations for) the estate, they are not core proceedings because the causes of action do not arise under or in the chapter 11 case. See generally Personette v. Kennedy (In re Midgard Corp.), 204 B.R. 764 (10th Cir. BAP 1997).

It is true that adjudicating the competing claims will presumably liquidate the claims of the parties against each other, thereby resulting in the allowance or disallowance of claims by and against the estate, and in the process affecting the administration of the estate and otherwise adjusting the debtor-creditor relationship. See 28 U.S.C. §157(b)(2). But it is not sufficient to argue the removed action must stay in the bankruptcy court because there might be core matters to be decided. Delphi Automotive Systems, LLC v. Segway, Inc., 519 F.Supp.2d 662, 671 (E.D. Mich. 2007)("The state law claims asserted in Plaintiff's complaint predominate over any bankruptcy issue that may arise due to Plaintiff's chapter 11 proceeding."); Schmidt v. Klein Bank (In re Schmidt), 453 B.R. 346 (8th Cir. BAP 2011) (pending state court causes of action were not core proceedings notwithstanding that it was possible to place them within one or more types of "core" proceedings identified in §157(b)(2)). In any event, nothing in §1334(c)(2) allows for such an exception; that is, if the requirements of §1334(c)(2)

are met, the Court must abstain, even if what is at issue appears to include core matters.

This action could not have been commenced in the United States District Court absent the bankruptcy filing since there is a lack of diversity: all the parties are New Mexico citizens. Motion (doc 19) at 6; Response at 1.

Federal diversity jurisdiction requires complete diversity of the parties.  28 U.S.C. § 1332(a)[3]; McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008)("[T]he citizenship of all defendants must be different from the citizenship of all plaintiffs."); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)(Same.)  See also 13E Wright, Miller, Cooper, Freer, Steinman, Struve and Amar, Federal Practice & Procedure § 3605 (3d ed.).  Obviously that diversity does not exist here and so there is no federal jurisdiction outside the bankruptcy filing.

Finally, as the record of the proceedings in the State Lawsuit filed by Defendants makes clear, the action was commenced November 4, 2009, over a year and half before the filing of the chapter 11 petition.  The State Court Judge, the Honorable Sarah M. Singleton, has presided over the case since February 12, 2010,

---

[3] That statute provides in relevant part as follows:
Diversity of citizenship; amount in controversy; costs.
(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States....

see entry for February 12, 2010 on State Court Action docket (doc 2, at 12 of 14), doing virtually all the substantive adjudications and management of the case, including presiding over discovery and granting and denying various motions for summary judgment. The State Court also set a jury trial on the merits, for August 15, 2011. See entry for December 21, 2010 on State Court Action docket (doc 2, at 5 of 14). The jury trial setting was subsequently vacated. See entry for June 15, 2011 on State Court Action docket (doc 2, at 3 of 14). The State Court then set a non-jury trial for September 19, 2011. See entry for June 27, 2011 on State Court Action docket (doc 2, at 2 of 14). It is apparent that the State Court can try this matter in a timely fashion.[4]

Thus it is clear that this Court must abstain from adjudicating this state court action which must be remanded to the State Court Judge for further proceedings.

Given the foregoing analysis, the Court need not consider whether discretionary abstention under 28 U.S.C. §1334(c)(1) is applicable. Nevertheless, the Court will also address the discretionary abstention factors.

---

[4] The Court also need not address the parties' arguments in connection with Stern v. Marshall, ___ U.S. ___, 131 S. Ct. 2594 (2011), since the Bankruptcy Court will not be adjudicating the matter.

The lists of the factors for discretionary abstention pursuant to 28 U.S.C. §1334(c)(1) are set out in Tsinigi v. Oakwood Acceptance Corp. (In re Oakwoood Acceptance Corp.), 308 B.R. 81 (Bankr. D. N.M. 2004):

> Even assuming arguendo that this Court has core jurisdiction to determine whether the mobile home is property of the estate, the Court may remand the case under the discretionary remand provision, which allows a court to remand a proceeding on "any equitable ground." 28 U.S.C. § 1452(b). The standards used to determine whether equitable remand is warranted under § 1452(b) are virtually identical to those used to determine whether discretionary abstention is merited under § 1334(c)(1). See Frelin [v. Oakwood Homes Corp.], 292 B.R. [369] at 383-84 [(Bankr. E.D. Ark. 2003)] (outlining factors for equitable remand and discretionary abstention), citing Williams v. Motel 6 Multipurpose, Inc., 120 F.Supp.2d 776, 781 (E.D.Ark. 1998) and Arkansas Dept. of Human Services Div'n of Medical Services v. Black & White Cab Co., Inc. (In re Black & White Cab Co., Inc.), 202 B.R. 977 (Bankr. E.D.Ark. 1996). The factors to consider in discretionary abstention are:
> 1. the effect of remand on the efficient administration of the estate;
> 2. the extent to which state law issues predominate over bankruptcy issues;
> 3. the difficult or unsettled nature of the applicable law;
> 4. the presence of a related proceeding commenced in state court or other non-bankruptcy court;
> 5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> 6. the degree of relatedness of the proceeding to the bankruptcy case;
> 7. the substance rather than the form of an asserted "core" proceeding;
> 8. the feasibility of severing state law claims from core bankruptcy matters;
> 9. the burden on the bankruptcy court's docket;
> 10. the likelihood that the proceeding involves forum shopping;
> 11. the existence of a right to jury trial; and
> 12. the presence of non-debtor parties.

Case 11-01178-j    Doc 33    Filed 10/15/12    Entered 10/15/12 16:25:41 Page 7 of 14

> Frelin, 292 B.R. at 383.
>    In addition to the factors outlined above, the Court should consider these factors in considering a motion to remand under § 1452(b):
> 1. whether remand serves principles of judicial economy;
> 2. whether there is prejudice to parties not removed;
> 3. whether the remand lessens the possibilities of inconsistent results; and
> 4. whether the court where the action originated has greater expertise.
> Id. at 384.

Id. at 86-88. The Court will address each factor.

1. The effect of remand on the efficient administration of the estate:

The heart of the chapter 11 case was the reorganization of the Debtor's business of developing high-end real estate in Santa Fe. That objective became impossible to meet once the stay was modified to permit foreclosure on the development property, thus setting the stage for the conversion of the case to a chapter 7 case. Now what remains is for Trustee to finish up litigation such as this. What this adversary proceeding represents is essentially a defense and collection action by Trustee; that is, a related proceeding and thus not core. The Bankruptcy Court need not hear it. It is true that a successful outcome for the estate will presumably result in some additional assets for distribution to creditors or at least the avoidance of additional liability; an unsuccessful outcome may result in additional claims against the estate. But that only affects the

distribution to creditors and has little to do with the administration of the estate.

2. The extent to which state law issues predominate over bankruptcy issues:

As already noted, the matters in dispute are all state law causes of action.

3. The difficult or unsettled nature of the applicable law.

As framed by the parties, it appears that there are no difficult or unsettled questions of state law.

4. The presence of a related proceeding commenced in state court or other non-bankruptcy court:

This litigation originated in the state court and can easily be returned there. But more to the point, there is no other related proceeding in any other court that would be adversely affected by this Court retaining this adversary proceeding.

5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334:

As noted, the State Court Action could not have been commenced directly in the United States District Court pursuant to 28 U.S.C. §1332(a)(1).

6. The degree of relatedness of the proceeding to the bankruptcy case:

Also as noted, this defense/collection action is a related proceeding, and not core.

7. The substance rather than the form of an asserted "core" proceeding:

As noted, despite Defendants' claims that this litigation is comprised of at least one core matter (allowance and disallowance of claims against estate), it is not. In re Schmidt.

8. The feasibility of severing state law claims from core bankruptcy matters:

Given that the matters being litigated are all state law claims and none are core, there is no issue of feasibility.

9. The burden on the bankruptcy court's docket:

The Honorable Robert H. Jacobvitz, the bankruptcy judge who would administer and adjudicate this adversary proceeding should it remain in the Bankruptcy Court, continues to maintain a very substantial workload, overseeing a number of complex and time-consuming cases and writing many detailed and thorough opinions. And given the current heavy chapter 11 caseload in this district and on Judge Jacobvitz in particular (contrary to what appears to be the case in most of the rest of the country), adding to his caseload with this adversary proceeding would be a hindrance to the completion of his other work.

10. The likelihood that the proceeding involves forum shopping:

Of course there was "forum shopping" by Debtor's counsel[5] (who, incidentally, have since been allowed to withdraw, though not for any reason having to do with this issue – main case, doc 344). Any lawyer who is competent should consider whether litigating in another forum will benefit the client, and if the benefit is assessed to be substantial enough, should move to change the forum. Thus whether this matter started in another forum and is now here is basically irrelevant.

11. The existence of a right to jury trial:

As noted, the parties stipulated to a bench trial.

12. The presence of non-debtor parties:

Other than the chapter 7 estate and Plaintiffs, the remaining party left in this litigation is Summit Properties, Inc., a corporation indirectly albeit effectively controlled by Trustee. The parties stipulated to the dismissal of the Santa Fe Summit Homeowners' Association from the litigation. See Stipulation of Dismissal with Prejudice of all Claims Against

---

[5] Like the term "fishing expedition" used in the context of discovery disputes, the term "forum shopping" is more of a conclusion than a description. By definition virtually every discovery request is a "fishing expedition", since the party seeking the discovery is attempting to find something useful. But when a court uses the term, what the court really means is that it has decided that the search has exceeded reasonable bounds. Similarly, when a court describes certain activity as "forum shopping", the court is in effect announcing a conclusion that for whatever reason it disapproves of the "shopper's" attempt to change the forum.

Santa Fe Summit Homeowners' Association dated January 11, 2011 (doc 2 at 4 of 14).

13. Whether remand serves principles of judicial economy:

   Should this adversary proceeding remain with this Court, there will need to be a catch-up period for the Court to become more acquainted with the details of the issues. Indeed, if motions for summary judgment are raised again in the hopes of a different outcome, the case may have to be tried virtually from the beginning. On the other hand, as the record of the proceedings in the State Court Action filed by Defendants makes clear, the action was commenced November 4, 2009, over a year and half before the filing of the chapter 11 petition, and the State Court had set a non-jury trial for September 19, 2011. It is apparent that the State Court can try this matter in a timely fashion.

14. Whether there is prejudice to parties not removed:

   Other than Summit Properties, Inc., under the at least indirect control of the Trustee, there are no other parties to this litigation. There is no prejudice to that company.

15. Whether the remand lessens the possibilities of inconsistent results:

   This proceeding is essentially a defense action with a counterclaim. It has little to do with the remainder of the bankruptcy case except as another matter for the Trustee to clean up.

16. Whether the court where the action originated has greater expertise.

State courts routinely deal with trespass and settlement agreement issues, but expertise on these matters is not particularly exclusive to the state courts. Bankruptcy courts adjudicate these issues as well.

Reviewing the foregoing sixteen factors, factors 1, 2, 4, 5, 6, 7, 8, 9, 13 and 15 favor abstention and remand, factors 2, 9, and 13 strongly so. Factors 3, 11, 12, 14 and 16 favor this Court retaining the adversary proceeding, none of them strongly. Factor 10 is neutral. On balance, the factors incline decisively toward abstention and remand.

**Conclusion**

Thus, it is clear that this Court must abstain pursuant to 28 U.S.C. §1334(c)(2), and should abstain, pursuant to 28 U.S.C. §1334(c)(1), from adjudicating this State Court Action.

\

*/s/ James S. Starzynski*

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: October 15, 2012

Copies to:

Edward Alexander Mazel
Former Attorney for Debtor
Arland & Associates, LLC
201 3rd ST NW, STE 505
Albuquerque, NM 87102-3331

Clifford C Gramer, Jr
Attorney for Creditors
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536

Ralph Leo Brutsche
P.O. Box 2046
Santa Fe, NM 87502

Yvette J. Gonzales
Trustee
PO Box 1037
Placitas, NM 87043-1037